UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PEDRO VIRAMONTES, SAMUEL VIRAMONTES, and GONZALO PEREZ, on behalf of a class of similarly situated employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUALITY COMMUNITIES, INC.,<br><br>    Defendant. | CIV. NO. 07-843 FCD/EFB<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

This matter comes before the court on plaintiff class members Pedro Viramontes, Samuel Viramontes, and Gonzalo Perez's ("plaintiffs") motion for leave to amend plaintiffs' first

amended complaint.[1]  Fed. R. Civ. P. 16(b).  For the reasons set forth below,[2] plaintiffs' motion is DENIED.

**BACKGROUND**

Plaintiffs filed this action on May 2, 2007, asserting the following claims against defendant Quality Communities, Inc. ("Quality Communities"): (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to pay overtime compensation; (4) failure to provide meal and rest periods or compensation in lieu thereof; (5) failure to indemnify employees for all necessary expenditures or losses incurred; (6) failure to timely pay wages due at termination; (7) knowing and intentional failure to comply with itemized employee wage statement provisions;[3] (8) breach of written and implied contract; (9) conversion; and (10) violation of California's Unfair Competition Law.  (Compl., filed May 2, 2007).  Thereafter, plaintiffs filed a first amended complaint on December 7, 2007,

---

[1] In their motion papers, plaintiffs improperly move for relief pursuant to Fed. R. Civ. P. 15(a).  As a scheduling order is in place in this case, the court construes plaintiffs' motion as a request for relief pursuant to Fed. R. Civ. P. 16(b).  Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings in the first instance.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[3] All of plaintiffs' wage and hour claims are brought pursuant to the Fair Labor Standards Act.

2

adding an additional claim pursuant to the California Private Attorneys General Act. (Mem. & Order, filed Nov. 28, 2007).

Plaintiffs now seek leave to file a second amended complaint, naming two new defendants, Seasac Accessories, Inc. ("Seasac") and Harry R. Harris ("Harris"), and one additional plaintiff, Javier Ramirez ("Ramirez"). (Pls.' P. & A. in Supp. of Leave to Amend First Amended Compl. ("MTA"), filed July 29, 2008, 2:2-6). Plaintiffs assert Ramirez will allege Quality Communities, Seasac, and Harris are liable to class members as joint employers under California Labor Code section 558 and/or under an alter ego theory of liability. (MTA 3:21-24; Palau Decl., filed July 29, 2008, ¶ 6).

Plaintiffs make the instant motion on the ground that on or about June 4, 2008, they obtained new evidence and facts through discovery supporting a joint employer theory of liability against Quality Communities, Seasac, and Harris. (MTA 4:1-3). In particular, plaintiffs state they discovered among Quality Communities' documents records of American Construction, a fictious entity through which Harris conducted business and which had the same address and telephone number of Quality Communities. (MTA 4:4-6; Palau Decl., ¶ 9). Plaintiffs also state they reviewed contractor license information online which revealed that Harris is the Responsible Managing Officer ("RMO") of Quality Communities and Seasac, and that Quality Communities and Seasac have operated with contractor's licenses under the name of Harry R. Harris. (MTA 4:7-10; Palau Decl., ¶10). Finally, plaintiffs state that they inspected the following documents on

3

or about June 4, 2008, which showed a relationship between Harris and the alleged wrongful conduct at issue in this case: (1) a memo from Harris to a putative class member showing that Harris set and/or implemented the hourly and piece rate practices and policies of Quality Communities; and (2) a memo to Quality Communities' foremen that showed Harris created and/or implemented the company's reimbursement policy regarding gasoline. (Reply, filed Sept. 12, 2008, 3:10-12, 20-21). As a result of these discoveries, plaintiffs seek to name Seasac and Harris as additional defendants. (MTA 4:15-17).

**STANDARD**

On December 14, 2007, this court entered a pretrial scheduling order which expressly included citation to Rule 16 and the requirement to show good cause to justify amendment of the pleadings. Fed. R. Civ. P. 16(b) (providing that pretrial orders entered before the final pretrial conference may be modified only "upon a showing of good cause"). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610; see also Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

4

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper. See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

**ANALYSIS**

With regard to the proposed defendants, plaintiffs have failed to show they were diligent in ascertaining the identities of these new parties pursuant to Rule 16. As early as the filing of plaintiffs' original complaint, plaintiffs were aware that Harris was the RMO of Quality Communities. Plaintiffs stated in the factual allegations of their complaint that "[t]he Responsible Managing Officer of Quality Communities Inc [sic] is Harry Robert Harris who owns 10 percent or more of the voting

5

stock/equity of the corporation." (Compl. 8:2-3). Plaintiffs also knew of Harris' association with Seasac. Plaintiffs alleged in their original complaint that "Mr. Harris is also associated with . . . Seasac Accessories Inc." (Compl. 8:7-9). Despite this knowledge, plaintiffs contend that they only first discovered facts on or about June 4, 2008, to support the assertion of claims for relief against Harris and Seasac.

However, plaintiffs fail to explain why these alleged "new" facts were not discoverable earlier. Indeed, plaintiffs fail to explain why they did not conduct the online contractors' license searches of Harris and Seasac at the time they filed this action. Conceivably, such searches would have revealed the basis for the joint employer theory of liability plaintiffs now seek to assert. Moreover, even assuming the memoranda plaintiffs inspected on June 4, 2008 showed that Harris was responsible for the alleged wage and hour violations,[4] plaintiffs nevertheless knew, from the outset of this litigation, that a connection existed between Harris and Quality Communities and Seasac. Plaintiffs have not explained why, in light of that knowledge, they could not have named Seasac and Harris as defendants from the beginning of this litigation. Thus, because there are no new facts and information to support the late addition of Harris and Seasac as defendants, the court must deny plaintiffs' motion.

---

[4] The court makes this assumption for purposes of this motion. However, the relevance of the memoranda to this case is not clear from plaintiffs' papers. The documents were not provided to the court, nor did plaintiffs adequately explain in their papers how these documents demonstrate liability.

6

With regard to Ramirez, plaintiffs likewise fail to demonstrate good cause as required by Rule 16 to permit amendment of the complaint to add Ramirez as a plaintiff. Plaintiffs, for the first time, disclose in their reply brief that Ramirez routinely performed work on jobs supervised by Harris and Quality Communities' supervisors and that his paychecks were issued by Seasac. (Reply 2:17-21).[5] Critically, however, plaintiffs fail to address why Ramirez could not have been identified as a potential plaintiff at an earlier point in the litigation. Thus, the court cannot find that plaintiffs have diligently sought this amendment.

Moreover, plaintiffs assert that Ramirez would allege that Quality Communities, Seasac, and Harris are liable to class members as joint employers and/or under an alter ego theory of liability. (MTD 3:21-23). Since the court denies plaintiffs' motion with respect to Harris and Seasac, any amendment to permit the addition of Ramirez to assert those theories is unnecessary.

Finally, the court notes that while not relevant to the threshold diligence inquiry, the court has considered that adding new parties at this stage of the case, when discovery closes on

---

[5]   The court notes that in their moving papers, plaintiffs provided no information concerning Ramirez and his connection to Quality Communities, Seasac, and/or Harris. Only in the reply did plaintiffs provide some information. The court could properly disregard plaintiffs' arguments set forth for the first time in the reply. See United States v. Puerta, 982 F.2d 1297, 1300 n. 1 (9th Cir. 1992) (recognizing that "new arguments may not be introduced in a reply," as the function of a reply memorandum is to respond to the opposition to the primary motion, not to raise new issues, facts or arguments). However, the court has nonetheless considered the entirety of plaintiffs' arguments.

7

1 | November 14, 2008, would prejudice Quality Communities since
2 | additional time would be needed to prepare a defense based on a
3 | joint employer or alter ego theory of liability involving Quality
4 | Communities, Seasac, and Harris.

## CONCLUSION

Under these circumstances, plaintiffs have failed to satisfy the threshold "diligence" requirement of Rule 16, and thus, their motion must be DENIED.  As a result, the court need not reach whether the substantive amendment is futile, as argued by Quality Communities, under Rule 15.

IT IS SO ORDERED.

DATED: September 29, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE